UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL D. STEVENSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> VERIZON WIRELESS (VAW), LLC ) <br> d/b/a VERIZON WIRELESS, ET AL., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> 3:08-CV-0168-G <br><br> **ECF** |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants, Verizon Wireless, LLC d/b/a Verizon Wireless, and Verizon Wireless Texas, LLC d/b/a Verizon Wireless (hereinafter collectively referred to as "Verizon" or "the defendants"), for default judgment. For the reasons discussed below, the motion is denied. Also before the court is the motion of the plaintiff, Michael D. Stevenson ("Stevenson" or "the plaintiff"), for leave to file an answer to the counterclaims. For the same reasons discussed below, that motion is granted.

I. BACKGROUND

On August 5, 2008, the defendants Verizon Wireless, LLC d/b/a Verizon Wireless, and Verizon Wireless Texas, LLC d/b/a Verizon Wireless (hereinafter collectively referred to as "Verizon" or "the defendants"), filed and served the plaintiff with their first amended answer, which also asserted counterclaims against the plaintiff. Under Federal Rule of Civil Procedure 12(a)(1)(B), Stevenson had 20 days to file an answer to the counterclaims. Stevenson allowed this period to lapse without filing an answer. In their motion for summary judgment, on which the court has already ruled, the defendants requested a default judgment on their counterclaims. The court now addresses that request.

II. ANALYSIS

A. Legal Standard

Default judgments are generally disfavored and should not be granted on the claim, without more, that the defending party has failed to meet a procedural time requirement. *Lacy v. Sitel Corporation*, 227 F.3d 290, 292 (5th Cir. 2000). Courts generally have refused to enter a default judgment if the defending party has made any type of appearance in the suit by responding to the complaint. See, *e.g.*, *Securities and Exchange Commission v. Amerifirst Funding, Inc.*, 2007 WL 4226921 (N.D. Tex. Nov. 29, 2007); *Dahlstrom v. Moore*, 2007 WL 2908448 (E.D. Tex. Oct. 3, 2007); *Bilbe v. Belsom*, 2006 WL 3388482 (E.D. La. Nov. 21, 2006). As a general rule, entry

of a default judgment is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded. See *Jackson v. FIE Corporation*, 302 F.3d 515, 525 n.29 (5th Cir. 2002). Consequently, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Savings Association*, 874 F.2d 272, 276 (5th Cir. 1989).

A party "is not entitled to a default judgment as a matter of right, even where the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is left to the sound discretion of the court. *Lindsey v. Prive Corporation*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether entry of default judgment is warranted in a particular matter, the court may consider "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.*

## B. Discussion

The reason for Stevenson's default was one of excusable neglect. According to the affidavit of Scott Zale, an attorney employed by the law firm representing Stevenson, he forgot to write down the answer date on his calendar. Appendix in

Support of Plaintiff Michale D. Stevenson's Response to Verizon Wireless Texas, LLC's Motion for Summary Judgment & Brief in Support ("Appendix in Support of Response to Motion for Summary Judgment") at 43. He asserts that this mistake "was not one made by conscious indifference, but . . . because initially Defendants filed their Counterclaims only as an attachment to Defendants' Motion for Leave to file that documents [sic]." *Id.* Although careless, this type of neglect is excusable.

Further, there are material issues of fact at issue in this case. As the court discussed in its order denying summary judgment on Verizon's counterclaims, Verizon bases its claims of breach of fiduciary duty and breach of contract on the authenticity of a set of handwritten notes. Defendants' Brief in Support of Their Motion for Summary Judgment at 36-37. Stevenson vigorously contends that these notes were forged. There is thus a fact issue that has not yet been resolved. In light of this fact issue, a default judgment would be a harsh disposition of this case, for it would deny Stevenson an opportunity to demonstrate that those notes were forged.

In addition, the court would likely be obliged to later set aside this default judgment, were it to enter one. Under Federal Rule of Civil Procedure 55(c) the court "may set aside an entry of default for good cause." To determine whether good cause exists, one important factor is whether the default was the result of excusable neglect.* The Supreme Court defined the term "excusable neglect" in *Pioneer*

---

\* Before *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60 (5th Cir.
(continued...)

*Investment Services Company v Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). According to the Court, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness*.'" 507 U.S. at 388 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis in original)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (footnotes omitted). Rather, "[t]he word . . . encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Here, Stevenson's act of carelessness in failing to file a timely answer is excusable neglect. Thus, were the court to enter default judgment today, it would later be obliged to set aside that default judgment upon Stevenson's motion.

Finally, denying the motion for default judgment will not prejudice Verizon. Verizon argues that it *will* be prejudiced because in order to succeed on its counterclaims, it must show that a contract existed and that Stevenson owed a

---

*(...continued)
1992), Fifth Circuit law provided that the court should inquire whether the default was "willful." *CJC Holdings*, 979 F.2d at 64. However, in *CJC Holdings*, the Fifth Circuit recommended that in all future cases the district court should apply an "excusable neglect" standard. *Id.*

fiduciary duty to Verizon -- two elements it would not have had to prove in order to defend itself against Stevenson's claims. Defendants Verizon Wireless (VAW), LLC & Verizon Wireless Texas, LLC's Response to Plaintiff's Motion for Leave to File Answer to Counterclaim Under Rule 15 & Brief in Support ("Response") at 5 n.10. While true, no further discovery will be necessary to establish these elements. The counterclaims assert that Stevenson breached the business code of conduct by revealing privileged and proprietary information to Rick Giordano ("Giordano"). Verizon asserted that this breach was the reason behind Stevenson's termination, rather than retaliation for filing a charge with the EEOC, as Stevenson claimed. Thus, the existence of this breach is not a new issue. Verizon will not be prejudiced by going forward with its counterclaims.

## III. CONCLUSION

For the reasons discussed above, the motion for default judgment is **DENIED**. For the same reasons, the plaintiff's motion for leave to file an answer to the counterclaims is **GRANTED**.

**SO ORDERED**.

January 27, 2009.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**