UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL D. STEVENSON,              )
                                  )
          Plaintiff,              )
                                  )         CIVIL ACTION NO.
VS.                               )
                                  )         3:08-CV-0168-G
VERIZON WIRELESS (VAW), LLC       )
d/b/a VERIZON WIRELESS, ET AL.,   )               **ECF**
                                  )
          Defendants.             )


**MEMORANDUM OPINION AND ORDER**


Before the court is the motion of the plaintiff, Michael D. Stevenson

("Stevenson" or "the plaintiff"), for rehearing of the defendants' motion for summary

judgment and for leave to re-open discovery and to amend his response to the

defendants' motion for summary judgment.  For the reasons discussed below, the

motion is denied.

I.  ANALYSIS

This motion arises out of a letter Stevenson received on Monday, January 19,

2009.  Stevenson asserts that on that date, his counsel received a fax from Paul

Matula ("Matula"), the attorney for Rick Giordano ("Giordano").[*] The fax contained

a letter from Matula to Ruthie White, counsel for the defendants, in which Matula

explains that at the time of the arbitration between the defendants, Verizon Wireless,

LLC d/b/a Verizon Wireless, and Verizon Wireless Texas, LLC d/b/a Verizon Wireless

(hereinafter collectively referred to as "Verizon" or "the defendants") and Giordano,

Verizon stated that the decision to fire Stevenson "has nothing to do with this case."

Plaintiff's Motion for Rehearing on Defendant's Motion for Summary Judgment,

Leave to Re-Open Discovery, Amend Summary Judgment Response & Brief in

Support ("Motion to Reconsider") at 2.

Stevenson attaches great importance to this statement. He views this

statement as incontrovertible evidence that Verizon originally -- before this lawsuit

arose -- maintained that Stevenson's firing had nothing to do with the conversation

he allegedly had with Giordano. As a result, he argues, the court should reconsider

its order granting the defendants' motion for summary judgment and allow further

discovery. The court disagrees.

---

[*] Giordano is the individual to whom Stevenson allegedly revealed privileged and proprietary information about Verizon customers. According to the evidence in support of the defendant's motion for summary judgment, the conversation between Giordano and Stevenson took place while Giordano was preparing for an arbitration against Verizon. Giordano kept notes of the exchange, which were later given to Monica Comeaux ("Comeaux"), a human resources representative for Verizon. Comeaux reviewed the notes and concluded that Stevenson had divulged privileged and proprietary information to Giordano. Stevenson was fired as a result.

The only new evidence Stevenson has offered is the short, out of context, statement allegedly made by an unidentified person representing Verizon. Even if it were admissible, the court does not believe the statement calls into question Comeaux's testimony that she fired Stevenson based on her discovery of the conversation between Stevenson and Giordano. The statement is not admissible, however. Under Federal Rule of Evidence 801(c), this statement is an assertion made out of court, offered to prove the truth of the matter asserted, *i.e.*, that Verizon's firing Stevenson had nothing to do with his conversation with Giordano. In fact, it is hearsay within hearsay, since the statement is repeated in Matula's letter -- the only evidence currently presented to the court. None of the hearsay exceptions apply to this statement. In short, Stevenson asks the court to reconsider its decision on the motion for summary judgment and put the parties through the expense and inconvenience of further discovery based on allegedly new evidence that is not admissible. The court will not grant this request.

## II. CONCLUSION

For the reasons discussed above, the motion for rehearing on the defendants' motion for summary judgment, for leave to re-open discovery, and to amend the response to the motion for summary judgment is **DENIED**.

**SO ORDERED**.

January 29, 2009.

A. JOE FISH
**Senior United States District Judge**